UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRENCE K. NEWTON, SR.**               **CIVIL ACTION**

**VERSUS**                                **NO. 21-373-SDD-RLB**

**ILLINOIS CENTRAL RAILROAD COMPANY**

## ORDER

Before the Court is Defendant's Motion to Compel filed on September 7, 2022. (R. Doc. 28). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.      Background**

On June 28, 2021, Terrence K. Newton, Sr. ("Plaintiff") commenced this action for wrongful termination under federal and state law against his former employer Canadian National Railway. (R. Doc. 1). After failing to serve Canadian National Railway, Plaintiff filed a First Amended and Supplemental Complaint, which removed Canadian National Railway as the defendant and named Illinois Central Railroad Company as the defendant. (R. Doc. 9). Among other things, Plaintiff alleges that he was employed by Illinois Central Railroad Company ("Defendant") from 2006-2019, and most recently held the job title of "Foreman" in which he was subjected to ridicule and treated disparity form other employees by his supervisors. (R. Doc. 9 at 2).

On April 28, 2022, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (R. Doc. 20). This motion remains pending before the district judge. The Court has since granted Plaintiff leave to file a Second Amended and Supplemental Complaint into the record. (R. Docs. 31, 32).

On June 16, 2022, Defendant served interrogatories, requests for production of documents, a notice for Plaintiff's deposition,[1] and an authorization for release of protected health information. (R. Doc. 28-3). Plaintiff had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Plaintiff did not respond within that timeframe. Defendant represents that its counsel "has provided multiple extensions and contacted Plaintiff's counsel numerous times regarding Plaintiff's failure to respond to Defendant's discovery." (R. Doc. 28 at 1). The Rule 37(a)(1) certification provides that defense counsel "certifies that she conferred in good faith with counsel for Plaintiffs via telephone on August 26, 2022, and via email and letter on August 11, 2022, in an effort to obtain the discovery referenced herein without court action." (R. Doc 28 at 2).[2] The record further indicates that Defendant agreed to an extension to September 1, 2022, but no written responses or signed medical releases were provided by that date. (R. Doc. 28-2 at 2).

On September 7, 2022, Defendant filed the instant Motion to Compel. (R. Doc. 28). Defendant first seeks an order dismissing the action with prejudice for Plaintiff's disregard of his discovery obligations under Rule 37(b)(2) or Rule 41(a). (R. Doc. 38-1 at 3-4). In the alternative, the motion seeks an order requiring Plaintiff to respond to the written discovery requests, and provide signed medical releases, under Rule 37(a)(3)(B). (R. Doc. 28-1 at 4-6). Finally, the motion seeks an award of reasonable expenses under Rule 37(a)(5)(A). (R. Doc. 28-1 at 6-7). Plaintiff did not file an opposition.

---

[1] The deposition notice, which does not set a date or location, is not at issue in this motion. (*See* R. Doc. 28-3 at 17).
[2] The Court notes that the Scheduling Order provides the following: "Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred **in person or by telephone** for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 26 at 1) (emphasis added).

**II.     Law and Analysis**

    **A.     General Legal Standards for Discovery**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.   Analysis**

Having considered the record, the Court will compel Plaintiff to provide written discovery responses pursuant Rule 37(a). As discussed below, the undersigned will not recommend dismissal of this action, whether pursuant to Rule 37(b)(2) or Rule 41(a), to the district judge at this time.

As Plaintiff did not make any timely objections to Defendant's written discovery requests, the Court finds that Plaintiff has waived his objections to the written discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Accordingly, the Court will require Plaintiff to provide responses to Defendant's Interrogatories and Requests for Production of Documents (R. Doc. 28-

4

3 at 4-15), and provide a signed the medical release (R. Doc. 28-3 at 19-21), without any objections other than those pertaining to any applicable privileges or immunities.

To be clear, the Court has previously declined to compel a party, over an objection, to sign an authorization to release confidential medical information when the material covered by such a waiver was irrelevant and privileged and thus outside of the scope of discovery. *Butler v. La. Dep't. of Pub. Safety and Corrs.,* No. 12-420, 2013 WL 2407567, at *9 (M.D. La. May 29, 2013). The Court recognizes, however, that the Fifth Circuit has suggested in dicta, that Rule 34 may be an appropriate mechanism by which to require a party to sign an authorization release. *See McKnight v. Blanchard,* 667 F.2d 477, 481-82 (5th Cir. 1982); *see also Zamora v. GC Servs., LP*, No. 15-00048, 2016 WL 8853096, at *4 (W.D. Tex. Aug. 19, 2016) ("Recognizing a split in authority as to whether a party may be compelled to sign an authorization for the release of records through a discovery request under Rule 34, the majority of courts have concluded that a party may be so compelled.") (citing cases).

Here, Plaintiff has been provided an opportunity (1) to provide a written objection to signing the release and (2) to file an opposition to the instant motion to compel. The release is reasonably limited as it only seeks authorization to obtain protected health information since 2012, which falls within Plaintiff's alleged years of employment. To the extent Defendant transmits the signed release to any third party for the purpose of obtaining records relating to Plaintiff, such transmittal shall also be simultaneously provided to Plaintiff's counsel. Upon receipt of any records from such third parties, Defendant shall provide a complete copy to Plaintiff within 5 days of receipt.

Dismissal of the action, however, is inappropriate at this stage of the litigation. Plaintiff first seeks dismissal under Rule 37(b)(2), which allows a court to dismiss an action or proceeding

in whole or in part where a party fails to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2). Plaintiff has not failed to obey a discovery order. At most, Plaintiff has simply failed to respond to discovery requests and failed to oppose a motion to compel. As discussed above, the Court is ordering Plaintiff to provide discovery responses pursuant to Rule 37(a). To the extent Plaintiff fails to comply with this order, sanctions may be appropriate pursuant to Rule 37(b)(2).

Plaintiff also seeks dismissal of this action with prejudice under Rule 41(b), which provides that "[i] the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "The Fifth Circuit has stated that it ''will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by Plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.'" *Thomas v. Gulotta*, No. 13-688, 2015 WL 729915, at *1 (M.D. La. Feb. 19, 2015) (quoting *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992)).

These standards have not been met. As discussed above, Plaintiff has not failed to obey a court order. The record does not support a finding that Plaintiff has failed to prosecute his case. Less than one week prior to the filing of the instant motion to compel, Plaintiff timely sought leave to amend the pleadings. (*See* R. Doc. 27). Other than the deadlines to provide responses to discovery requests, there is no evidence that Plaintiff has failed to comply with the Federal Rules. Without more, failure to respond to discovery requests is not evidence of a clear record of delay or contumacious conduct by Plaintiff. Even if it was, a lesser sanction than dismissal with prejudice would be merited.

Defendant has overstated its position in seeking dismissal with prejudice as a sanction for failure to provide responses to written discovery requests in this action. That said, the Court will grant the motion in full to the extent it seeks relief under Rule 37(a) by compelling Plaintiff to respond to the written discovery requests and sign the medical authorization form. Given the foregoing, the Court will award reasonable expenses, including attorney's fees, to the extent the motion seeks relief under Rule 37(a). *See* Fed. R. Civ. P. 37(a)(5)(A).

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel (R. Doc. 28) is **GRANTED** to the extent it seeks an order compelling discovery responses under Rule 37(a). All other relief is **DENIED**. Plaintiff must provide responses to (R. Doc. 28-3 at 4-15), and provide a signed medical release (R. Doc. 28-3 at 19-21), without any objections other than those pertaining to any applicable privileges or immunities, within 7 days of the date of this Order, or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that the Court determines $750 to be a reasonable amount of expenses to be awarded pursuant to Rule 37(a)(5)(A). In order for Plaintiff to have an opportunity to be heard regarding this amount, Plaintiff may file any objection to the reasonableness of this amount to within 14 days of the date of this Order. Absent any objections to this Order, or any agreement reached by the parties regarding the amount of expenses to be paid, this amount shall be paid within 21 days of the date of this Order.

Signed in Baton Rouge, Louisiana, on October 4, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**