UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TERRENCE K. NEWTON, SR.                CIVIL ACTION

VERSUS                                 NO. 21-373-SDD-RLB

ILLINOIS CENTRAL RAILROAD
COMPANY

**RULING**

This matter is before the Court on the Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Illinois Central Railroad Company ("IC").[1] Plaintiff, Terrance K. Newton, Sr. ("Newton"), filed an Opposition,[2] to which IC filed a Reply.[3] For the following reasons, the Motion to Dismiss shall be granted.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

IC operates a railroad and employed Newton. Newton alleges he was working as a foreman for IC when he was denied advancement opportunities as a result of writing a statement about "a noose that he witnessed hanging on the company's premises"[4] and was later terminated after "an error with respect to cancelling his authority" to operate a locomotive.[5] After the error, IC took Newton out of service without pay while it conducted an investigation into the error and, ultimately, terminated Newton.[6] Newton sues IC for

---

[1] Rec. Doc. 35.
[2] Rec. Doc. 36.
[3] Rec. Doc. 37.
[4] Rec. Doc. 9. Newton's original complaint alleges that the noose was hanging on the premises of Canadian National Railway, however, Canadian National Railway was later dismissed and replaced by current defendant Illinois Central Railroad Company as the proper defendant in Newton's First Amended and Supplemental Complain[t], which reasserted all of his initial allegations against the newly added defendant. Rec. Doc. 9.
[5] Rec. Doc. 32, ¶ 5.
[6] Rec. Doc. 32, ¶ 5.

1

"injury,"[7] "racial discrimination," "disparate treatment,"[8] "retaliatory tactics,"[9] that Newton allegedly suffered when he was denied advancement opportunities and ultimately terminated from his employment as a foreman for IC.[10]

Newton alleges that similarly situated IC foremen who are not in a protected class and held "a more substantial disciplinary history" committed "more detrimental" "infractions" but were not subject to the same discipline.[11] Newton identified two foremen who committed infractions and were investigated but compensated while on leave pending investigations and not ultimately terminated by IC.[12] Specifically, Newton alleges Wendell Moak ("Moak") was a white man employed as a foreman who "committed a major derailment" and received a lower disciplinary level infraction, was not drug tested, and was compensated while investigated.[13] Newton also alleges that another white man employed as a foreman, Miles Moreman ("Moreman"), "caused a work related accident but did not receive any disciplinary action and was not discharged."[14]

Newton alleges that he is "a member of a protected class,"[15] however Newton fails to identify this class in any of his three complaints.

IC seeks dismissal of Newton's state law and federal law retaliation and discrimination claims.[16] Newton concedes his retaliation claims and state law claims in

---

[7] Rec. Doc. 1, ¶ 2.
[8] Rec. Doc. 1, ¶ 3.
[9] Rec. Doc. 1, ¶ 4.
[10] Rec. Doc. 1.
[11] Rec. Doc. 32, ¶ 5.
[12] Rec. Doc. 32, ¶ 5.
[13] Rec. Doc. 32, ¶ 5.
[14] Rec. Doc. 32, ¶ 5.
[15] Rec. Doc. 1, ¶ 7.
[16] Rec. Doc. 35.

his opposition to IC's Motion to Dismiss,[17] the Court will only address the sufficiency of Newton's Title VII disparate treatment claims.

IC argues that Newton's alleged comparators identified in the Second Amended Complaint were not similarly situated employees that must be identified to state a disparate treatment claim because their employer's actions must take place in nearly identical circumstances, including the same job titles, same supervisor, and same actions giving rise to the discipline challenged by Newton.[18] Specifically, IC challenges Newton's identification of Moak as a comparator because, according to Newton's own allegations, Moak committed a different infraction than Newton and is not alleged to have reported to the same supervisor as Newton.[19] IC also challenges Moreman's classification as a comparator because he is not alleged to have committed the same or similar workplace conduct.[20] Moreman was involved in an "accident" while Newton committed an "infraction" relative to his operating authority.[21]

Newton counters that, by requiring him to identify comparators exactly similar to Newton, IC is attempting to hold Newton to a higher pleading standard that is not legally required. Newton also argues that IC's motion must be denied because he has established a prima facie case of discrimination, and IC has not presented any evidence to refute Newton's allegations.[22]

---

[17] Rec. Doc. 36.
[18] Rec. Doc. 35.
[19] Rec. Doc. 35, pp. 12-16.
[20] Rec. Doc. 35, pp. 12-16.
[21] Rec. Doc. 32.
[22] Rec. Doc. 36, p. 6.

3

## II. LAW & ANALYSIS

### A. 12(b)(6) Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the standard to state a claim for relief requiring a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) permits a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted."[23]

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[24] The court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[25] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[26] In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[27] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual

---

[23] Fed. R. Civ. P. 12(b)(6).
[24] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[25] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks omitted).
[26] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.
[27] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) [hereinafter *Twombly*].

enhancement.'"[28] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that [the] defendant has acted unlawfully."[30] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[31] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[32] Rather, the inquiry is whether the allegations in the complaint plausibly states a claim for relief. If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' "[33]

To the extent that Newton's arguments regarding IC's lack of contradictory evidence invite this Court to convert the Rule 12(b)(6) Motion to Dismiss to one for summary judgment, the Court declines.

### B. State Law Claims & Retaliation Claims

IC seeks dismissal of Newton's state law claims as prescribed as well as his retaliation claims as not administratively exhausted prior to filing suit.[34] In response, Newton "does not oppose Defendant's Rule 12(b)(6) motion with respect to the

---

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) [hereinafter *Iqbal*].
[29] *Id.*
[30] *Id.*
[31] *Taha v. William Marsh Rice University*, No. 11-2060, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[32] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[33] *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration in original).
[34] Rec. Doc. 35.

Petitioners State Law Claims and/or the Petitioners Retaliation Claim."[35] Based on this concession, Newton's state law claims and retaliation claim are dismissed with prejudice as waived.

### C. Title VII Disparate Treatment Claim

Title VII of the Civil Rights Act of 1964 prohibits employers from "discriminat[ing]" against any individual with respect to employment "because of such individual's race."[36] "Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin. In such disparate-treatment cases, proof and finding of discriminatory motive is required."[37]

#### i. Applicable Pleading Standard

The parties disagree about the standard applicable to Title VII disparate treatment claims under Rule 12(b)(6).[38] IC challenges the sufficiency of Newton's factual allegations, and Newton counters that he has met his evidentiary burden by "satisfactorily establish[ing] a prima facie case of discrimination based upon the pertinent facts which have been plead" and "satisf[ied] the McDonnell Douglas framework."[39]

---

[35] Rec. Doc. 36, p. 1.
[36] 42 U.S.C. § 2000e-2(a)(1).
[37] *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006)) (internal quotations omitted).
[38] Rec Doc. 35; Rec. Doc. 36.
[39] Rec. Doc. 36, pp. 1 and 5; *see also* Rec. Doc. 36, p. 7 (explaining that "[t]he facts contained within the Complaint sufficiently establishes [sic] a prima facie case of discrimination and the Defendant's Second Motion to Dismiss should be denied accordingly.")

The Fifth Circuit has explained that "[a]t the Rule 12(b)(6) stage, our analysis of the Title VII claim is governed... not [by] the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green*."[40] The Fifth Circuit instructs:

> At the Rule 12(b)(6) stage, our analysis of the Title VII claim is governed by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)—and not the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *Swierkiewicz*, we have explained, "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff because of her protected status." *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quotations omitted) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).
>
> But "[a]lthough [a plaintiff does] not have to submit evidence to establish a prima facie case of discrimination [under *McDonnell Douglas*] at this stage, he [must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). And when a plaintiff's Title VII disparate treatment discrimination claim depends on circumstantial evidence …, the plaintiff "will 'ultimately have to show' that he can satisfy the *McDonnell Douglas* framework." *Cicalese*, 924 F.3d at 767 (quoting *Chhim*, 836 F.3d at 470). "In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the disparate treatment claim." *Id*. (quoting *Chhim*, 836 F.3d at 470).
>
> Under *McDonnell Douglas*, a plaintiff must establish a prima facie case of discrimination. 411 U.S. at 802, 93 S.Ct. 1817. Specifically, a plaintiff must allege facts sufficient to support a finding "that he was treated less favorably than others outside of his protected class." *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017).[41]

A plaintiff does not need to make out a prima facie case of disparate treatment to survive a Rule 12(b)(6) motion for failure to state a claim.[42] Nonetheless, he must "'plead

---

[40] *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 599 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 713, 211 L. Ed. 2d 401 (2021) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)).
[41] *Id*. at 599-600 (original emphasis omitted).
[42] *Swierkiewicz*, 534 U.S. at 510–12; *accord Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

7

sufficient facts on all of the ultimate elements of a disparate treatment claim to make [his] case plausible[,]'"[43] and to allow the Court to "'draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[44]

Based on the above, Newton must first allege an adverse employment action taken against him because of his protected class.

### ii.   Adverse Action Alleged

In discrimination cases, "[a]dverse employment actions are 'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating."[45] The Court finds that Newton sufficiently alleged that an adverse employment action was taken against him when he claimed that "Newton Sr. was terminated."[46]

### iii.   Plaintiff Did Not Allege His Protected Class

As an initial matter, the Court *sua sponte* raises the glaring deficiency in Newton's allegations that the parties' briefs do not address. Newton alleges no facts to establish that he is a member of a protected class.[47] Newton's Complaint instead only contains the conclusion that "Petitioner is a member of a protected class."[48] Gleaning from Newton's allegations that Moak and Moreman are both "white male[s]" and treated differently, the Court presumes that Newton intends to allege racial discrimination on the basis of race.

---

[43] *Noakes v. Dep't of Homeland Sec.,* No. CV 22-213, 2022 WL 11435959, at *10 (E.D. La. Oct. 18, 2022) (quoting *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470); s*ee also Olivarez*, 997 F.3d at 599-600 (citing *Chhim* at 470)); *see also Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (citing *Chhim* at 470).
[44] *Noakes*, 2022 WL 11435959 at *10 (quoting *Iqbal*, 556 U.S. at 678).
[45] *Stroy v. Gibson*, 896 F.3d 693, 699 (5th Cir. 2018) (quoting *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014)) (internal quotation marks omitted).
[46] Rec. Doc. 32, ¶ 5.
[47] Rec. Doc. 1, Petition for Wrongful Termination and For Benefits, Protections and Damages; Rec. Doc. 9, First Amended and Supp. Complain[t]; Rec. Doc. 32, Second Amended and Supp. Complaint.
[48] Rec. Doc. 1, ¶ 7.

However, none of Newton's three complaints address the issue or establish this necessary fact. The Court will not guess to resolve such a glaring deficiency. This failure, alone, justifies dismissal for failure to state a claim for disparate treatment. However, the failure is easily resolved by amendment, which the Court will permit. Assuming *arguendo* that Newton is a member of a protected class for purposes of this Ruling, the Court will address the third element.

### iv.    Disparate Treatment

IC argues that Newton failed to identify proper comparators necessary to support his discrimination claim.

Having alleged an adverse employment action, Newton must plead facts to establish a link between his termination and IC's alleged discrimination.[49] To establish this causal link, Newton claims he experienced disparate treatment that was—presumably—based on his race. He claims that after he committed an "authority" error, he was suspended without pay pending an investigation and ultimately terminated.[50] Newton alleges that other foremen who were white, namely Moak and Moreman, were not treated the same way following a derailment and unspecified accident, respectively.[51]

"Alleging that an employer 'treated similarly situated employees of other races ... more favorably' is a recognized method of establishing causation in the employment discrimination context."[52] "The 'similarly situated' prong requires a Title VII claimant to identify at least one coworker outside of his protected class who was treated more

---

[49] *See, e.g., Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).
[50] Rec. Doc. 32.
[51] Rec. Doc. 32.
[52] *Papa v. Cap. One Nat'l Ass'n*, No. CV 21-1589, 2022 WL 906402, at *2 (W.D. La. Mar. 28, 2022) (quoting *Raj*, 714 F.3d at 331).

favorably 'under nearly identical circumstances.'"[53] Although the Fifth Circuit has cautioned district courts to refrain from "scrutinizing whether [plaintiff's] fellow employees were really 'similarly situated' on a motion to dismiss, a plaintiff must allege sufficient facts to "nudge their claims across the line from conceivable to plausible."[54]

Plaintiffs using circumstantial evidence of disparate treatment, such as Newton, "'must "identify at least one coworker outside of [their] protected class who was treated more favorably under nearly identical circumstances."'"[55] The Fifth Circuit

> require[s] that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken under nearly identical circumstances. The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been nearly identical to that of the proffered comparator who allegedly drew dissimilar employment decisions.[56]

---

[53] *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017) (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)).
[54] *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 547) (internal quotations omitted); *see also Papa,* 2022 WL 906402, at *2.
[55] *Noakes v. Dep't of Homeland Sec.,* No. CV 22-213, 2022 WL 11435959, at *10 (E.D. La. Oct. 18, 2022) (quoting *Saketkoo v. Tulane Univ. Sch. of Med.*, 510 F. Supp. 3d 376, 386 (E.D. La. 2020) (Africk, J.) ("*Saketkoo v. Tulane*") (further quoting *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017) (citation omitted)); *see also Chhim*, 836 F.3d at 471 (dismissing plaintiff's Title VII disparate treatment case based, in part, on the fact that he "plead[ed] no facts that suggest the applicant hired by the [employer] was less qualified than [him] or was similarly situated.")
[56] *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (internal citations omitted).

10

Failure to identify such an employee, or "comparator," "alone justifies dismissal of [a plaintiff's] Title VII claim[,]" and "[i]f no such comparator exists, the plaintiff cannot establish a *prima facie* case."[57]

Accepting Newton's allegations as true, the Court finds he has not plead enough facts to meet this lower standard. Newton attempts to identify two white co-workers as comparators, but he does not allege that their conduct was nearly identical to his own. Moak and Moreman caused a "major derailment" and a different, unspecified "work-related accident," respectively, that were "more detrimental" than Newton's authority cancellation error.[58] Lacking in Newton's complaint are allegations that the conduct by Moak and Moreman is even similar to Newton's, much less "nearly identical." Newton's own allegations demonstrate that Moak's and Moreman's conduct was different than Newton's. Newton's conduct was not "nearly identical to that of the proffered comparator who allegedly drew dissimilar employment decisions."[59] Newton's also fails to allege that he, Moak, and Moreman "shared the same supervisor or had their employment status determined by the same person."[60]

Accepting all of Newton's claims as true, he failed to plead facts which show a causal link between his protected status and IC's adverse employment action to nudge his claims from conceivable to plausible. The complaints lack facts that would permit a reasonable inference that IC terminated Newton because of his race.

---

[57] *Saketkoo v. Tulane*, 510 F. Supp. 3d at 386 (internal quotations omitted); *see also Saketkoo v. Admins.*, 31 F.4th 990, at 998 n. 3 (5th Cir. 2022) ("*Lee* sets out the requirements for conducting the comparator analysis. Although it does not affirmatively state that such an analysis is required to satisfy the fourth prong and make a prima facie case, our court has since interpreted *Lee* this way."); s*ee also Noakes*, 2022 WL 11435959, at *10.
[58] Rec. Doc. 32.
[59] *Lee*, 574 F.3d at 260 (internal citations and quotations omitted).
[60] *Id.*

Accordingly, IC's Motion to Dismiss Newton's disparate treatment claim is granted, and the disparate treatment claims are dismissed without prejudice.

### III. CONCLUSION

IC's Motion to Dismiss[61] is granted, and Newton's state law and federal law retaliation claims are dismissed with prejudice. Newton's disparate treatment claims are dismissed without prejudice.

Newton shall be given one <u>final</u> opportunity to amend his complaint to cure the deficiencies identified. Newton is granted leave to amend only the disparate impact claim dismissed without prejudice. Newton shall file a superseding, comprehensive, amended complaint in accordance with Local Rule 10(a)(5) on or before **September 29, 2023**. The failure to file an amended complaint within this deadline will result in a dismissal of all claims with prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 15th day of September, 2023.

_____
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[61] Rec. Doc. 35.